```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
            -v-                          :    19-CR-463 (DLC)
                                         :
JOSE BAEZ,                               :    MEMORANDUM
                    Defendant.           :    OPINION AND
                                         :       ORDER
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On February 16, 2024, defendant Jose Baez moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

On October 30, 2020, Baez pleaded guilty pursuant to a plea agreement with the Government to conspiracy to distribute and possess with intent to distribute heroin under 21 U.S.C. §§ 846 and 841(b)(1)(A).  Acting for a large-scale money laundering organization, the defendant transported money and drugs.

The defendant's Sentencing Guidelines range was 87 to 108 months' imprisonment, based on an offense level of 29 and a

criminal history category of I.[1]  The Probation Department recommended a sentence of 48 months' imprisonment; the defendant sought a "minimum" term of incarceration, and the Government requested a "substantial" sentence, yet one below the Guidelines range.  On February 5, 2021, Baez was sentenced principally to a term of 48 months' imprisonment.

On February 16, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023, and applies retroactively.  On March 6, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.  Baez is scheduled to be released from custody on August 13, 2024.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that

---

[1] Although the charge carried a mandatory minimum term of imprisonment of 10 years, the defendant qualified for the safety valve, 18 U.S.C. §§ 3553(f)(1)-(5).

modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillon v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government.  United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.G. § 4C1.1. It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the Amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment. Baez had zero criminal history points at the time of his sentencing. Thus, Amendment 821 reduced his offense level by two levels, from 29 to 27. As a consequence, Baez's Guidelines range was lowered from the original range of 87 to 108 months to 70 to 87 months.

Baez is not eligible for a sentence reduction pursuant to Amendment 821. Baez was originally sentenced to a term of 48

months' imprisonment, which is below his amended Guidelines range.[2]

## Conclusion

Baez's February 16, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
         March 22, 2024

_____
DENISE COTE
United States District Judge

---

[2] Although Baez contends that his 48-month sentence of imprisonment should be considered a "within" guidelines sentence due to "Covid-19 hardships," it remains a below-guidelines sentence.